UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ERIC WAYNE DONALDSON,** <br> **TDCJ No. 02206416,** <br><br> Petitioner, <br><br> v. <br><br> **BOBBY LUMPKIN, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** <br><br> Respondent. | §§§§§§§§§§§§§§ | **CIVIL NO. SA-22-CA-0635-JKP** |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Eric Wayne Donaldson's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6). In the amended § 2254 petition, Petitioner challenges the constitutionality of his 2018 state court convictions for theft and fraudulent possession of identifying information, arguing, among other things, that his convictions violated double jeopardy principles and that he was denied the right to effective assistance of counsel. Also before the Court are Respondent Bobby Lumpkin's Answer (ECF No. 11) and Petitioner's Reply (ECF No. 13) thereto.

Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In March 2018, a Comal County jury convicted Petitioner of six felony offenses—five counts of theft of property and one count of fraudulent possession of identifying information.

(ECF No. 10-4 at 114).  Following a separate punishment hearing, the trial court sentenced Petitioner as a habitual offender to twenty years of imprisonment for each of the theft offenses and forty years of imprisonment for the fraud offense, with the sentences to run concurrently. *State v. Donaldson*, No. CR2014-499 (207th Dist. Ct., Comal Cnty., Tex. May 7, 2018); (ECF Nos. 10-5 at 19, 10-31 at 2-18).

The Texas Third Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished opinion on direct appeal.  *Donaldson v. State*, No. 03-18-00390-CR, 2019 WL 3952828 (Tex. App.—Austin, Aug. 22, 2019, pet. ref'd); (ECF No. 10-10).  The Texas Court of Criminal Appeals then refused his petition for discretionary review.  *Donaldson v. State*, No. 0974-19 (Tex. Crim. App. Feb. 26, 2020); (ECF No. 10-1).  Thereafter, Petitioner challenged the constitutionality of his convictions by filing an application for state habeas corpus relief.  *Ex parte Donaldson*, No. 68,906-04 (Tex. Crim. App.); (ECF No. 10-29 at 7-25).  Based, in part, on the findings of the state habeas trial court, the Texas Court of Criminal Appeals eventually denied the application without written order.  (ECF No. 10-28).

Petitioner initiated the instant proceedings by filing a petition for federal habeas corpus relief on June 17, 2022, which he amended a few months later.  (ECF Nos. 1, 6).  In both pleadings, Petitioner raises four allegations that were rejected by the Texas Court of Criminal Appeals during his state habeas proceedings: (1) the trial court lacked jurisdiction over his theft cases, (2) the evidence was insufficient to support the charges, (3) he received multiple punishments for the same offense in violation of the Double Jeopardy Clause, and (4) his trial counsel rendered ineffective assistance by failing to object to undocumented and unauthenticated evidence.

## II. **Standard of Review**

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA.  28 U.S.C.A. § 2254.  Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous.  *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).  Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself.  *Richter*, 562 U.S. at 102.  Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold."  *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas

3

relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Merits Analysis

#### A.   Trial Court Jurisdiction (Claim 1)

Petitioner first alleges that the trial court lacked jurisdiction over his charges pursuant to Article 13.08(a) of the Texas Code of Criminal Procedure. The Texas Court of Criminal Appeals rejected this allegation during Petitioner's state habeas corpus proceedings. Because the claim is predicated on state law, federal habeas corpus relief is unavailable.

It is well settled that claims challenging a state court's determination of state law are not cognizable in a federal habeas corpus proceeding, and that federal courts must defer to the state-court determination of Texas law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (stating that the Court has repeatedly held that "federal habeas corpus relief does not lie for errors of state law.") (citations omitted); *Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998) (failure to follow Texas law is not reviewable). Federal habeas corpus relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice. 28 U.S.C. § 2254; *Engle v. Isaac*, 456 U.S. 107, 119 (1983). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Trevino v. Johnson*, 168 F.3d 173, 184 (5th Cir. 1999) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). Consequently, even if the state court misapplied state law as Petitioner now suggests, it would have no impact on this proceeding. Relief is therefore denied.

B.    **Sufficiency of the Evidence** (Claim 2)

Petitioner next contends the evidence was insufficient to support his convictions for theft of property and fraudulent possession of identifying information. Regarding the theft charges, Petitioner argues the State failed to establish that the property in question was illegally appropriated. He also contends the evidence was insufficient to support his fraudulent possession charge because he was charged with illegally possessing nine items but only four items were found on his person at the time of his arrest. These allegations were raised and rejected during Petitioner's state habeas proceedings.[1] As discussed below, Petitioner fails to demonstrate the state court's rejection of this allegation was contrary to, or an unreasonable application of, Supreme Court precedent.

1.    Relevant Facts

The facts of Petitioner's crime and arrest were adequately set forth by the Texas Third Court of Appeals during Petitioner's direct appeal proceedings. *See Donaldson*, 2019 WL 3952828 at * 1-2; (ECF No. 10-10 at 2-3). In December 2013, Petitioner stole Patricia Ross's purse from her shopping cart while she was shopping at a Walmart in Comal County. He was later arrested in Hays County when he was caught in the process of stealing another woman's purse. Petitioner still had Ross's identifying information on his person when he was arrested. As a result of his crimes against Ross, Petitioner received indictments in both Hays County and Comal County.

---

[1] Respondent does not address the merits of Petitioner's allegation in his Answer (ECF No. 11). Instead, he argues that the claim is procedurally defaulted based on a state law rule requiring such claims to be raised on direct appeal, not in a state habeas application. *Id*. at 11-12. However, the state court did not rely on this procedural rule; rather, the court adjudicated the merits of Petitioner's allegation and found that the evidence was legally sufficient. (ECF Nos. 10-30 at 95; 10-28). For this reason, Respondent's procedural default argument is inapplicable, and the Court will review the merits of Petitioner's allegation under the AEDPA.

In Hays County, Petitioner was indicted on two offenses: (1) credit card abuse committed against an elderly individual, and (2) fraudulent use or possession of identifying information of less than five items committed against an elderly individual. *See* Tex. Penal Code §§ 32.31, 32.51. Petitioner eventually pled guilty pursuant to a plea bargain to both counts and was sentenced to seven years of imprisonment on each count, with the sentences to run concurrently.

In Comal County, Petitioner was indicted on six offenses: (1) one count of theft of property valued at $1,500 or more but less than $20,000, (2) four counts of theft of property valued at less than $1,500 with two prior theft convictions, and (3) one count of fraudulent use or possession of identifying information of five or more but less than ten items.[2] *See* Tex. Penal Code §§ 31.03, 32.51. In all six counts, Ross is named as the person owning the property or to whom the identifying information belongs. Petitioner plead not guilty to the charges and was convicted on all six counts.

### 2. The *Jackson* Standard

In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Supreme Court enunciated the standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding. The Court stated the issue to be "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. In applying this standard, the Court went on to say that "[t]his familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. Thus, all credibility choices and conflicts in

---

[2] Specifically, Petitioner was charged with the theft of Ross's cash, hearing aid, and cell phone in Count I, the theft of Ross's purse, two wallets, and a Garmin Nuvi in Counts II through V, and fraudulent use or possession of Ross's driver's license, her debit card, and seven of her credit cards in Count VI. (ECF No. 10-30 at 97-100).

inferences are to be resolved in favor of the verdict. *United States v. Resio-Trejo,* 45 F.3d 907, 911 (5th Cir. 1995); *United States v. Nguyen,* 28 F.3d 477, 480 (5th Cir. 1994).

In addition, the AEDPA imposes a "twice-deferential standard" when a federal court reviews a state prisoner's claim challenging the sufficiency of the evidence. *Parker v. Matthews*, 567 U.S. 37, 43 (2012). As the Supreme Court has explained:

> The opinion of the Court in *Jackson v. Virginia* . . . makes clear that it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was "objectively unreasonable."

*Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (citations omitted).

3.     Analysis under *Jackson*

Petitioner claims the evidence is insufficient to support his convictions because only four of Ross's items (her driver's license and three credit cards) were found on his person at the time of his arrest in Hays County. According to Petitioner, this means that the State failed to demonstrate that he stole any of the items mentioned in Counts I through V.[3] It also means that the State failed to establish that he fraudulently used or possessed five to ten items of identifying information as alleged in Count VI.[4] Petitioner is mistaken on both arguments.

To start, Petitioner overlooks the fact that his crime was caught on Walmart's surveillance video and shown to the jury. (ECF No. 10-4 at 72). The surveillance video resulted in two still photos depicting Petitioner that were also shown to the jury. *Id*. In addition, Patricia

---

[3]     A person commits theft if he "unlawfully appropriates property with intent to deprive the owner of property." Tex. Penal Code § 31.03(a).

[4]     An offense is committed if a person, "with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of identifying information of another person without the other person's consent." Tex. Penal Code § 32.51(b)(1).

7

Ross testified that her stolen purse contained more than the four items eventually found on the Petitioner—it also contained each of the items listed in the State's indictment. *Id*. at 36-38. This evidence, along with the items found on Petitioner after his arrest in Hays County, is more than enough for the jury to conclude that Petitioner stole the items in question from Ross and fraudulently used or possessed her driver's license and eight of her credit cards.

As such, Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or that it was an unreasonable determination of the facts based on the evidence in the record. Moreover, this Court has independently reviewed the record and finds the evidence sufficient to support the verdict. Thus, viewing all of the evidence under the doubly-deferential standard that applies on federal habeas review, Petitioner has not shown that the state court's decision was objectively unreasonable or that he is entitled to relief under *Jackson*. Federal habeas relief is therefore denied.

**C.    Double Jeopardy (Claim 3)**

Prior to trial, Petitioner filed a motion to quash the indictment, arguing that his prosecution for fraudulent use or possession of identifying information in Comal County (Count VI) was barred by his previous conviction in Hays County for a similar offense because they both arose from the same criminal episode. After a hearing, the trial court agreed and quashed Count VI of the indictment, barring prosecution for that offense. On appeal, the Texas Third Court of Appeals reversed the trial court's order quashing Count VI of the indictment, concluding that "the trial court erred in concluding that the Comal County count charging fraudulent use or possession of identifying information subjected [Petitioner] to double jeopardy for the same offense." *State v. Donaldson*, 557 S.W.3d 33, 50 (Tex. App.—Austin 2017, no pet.). Petitioner was subsequently tried by a jury and convicted on all six counts.

Petitioner now contends that his conviction on Count VI violated his rights against double jeopardy. According to Petitioner, the offense arose from the same transaction and same criminal episode as his previous prosecution in Hays County and thus constitutes a second prosecution for the same offense. As with his previous allegations, Petitioner's double-jeopardy allegation was raised and rejected during Petitioner's state habeas proceedings. Because Petitioner fails to demonstrate the state court's adjudication was unreasonable, federal habeas relief is unwarranted.[5]

1. The Standard of Review

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. Historically, "[t]he constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Green v. United States*, 355 U.S. 184, 187 (1957). Thus, once a defendant has been placed in jeopardy in the first instance, the Double Jeopardy Clause protects against: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *United States v. Dixon*, 509 U.S. 688, 695-96 (1993).

Here, Petitioner contends he was subjected to a second prosecution for the same offense after conviction. In this context, the usual test to determine whether there are two offenses or only one is whether each provision of a statutory offense requires proof of an additional fact

---

[5] The Court notes that Respondent's Answer provides absolutely no independent analysis or insight into this complex allegation. Instead, he presents an *11-page* block quote from the Texas Third Court of Appeals—almost the entirety of the appellate court's opinion—and concludes that "there does not appear to be anything to add . . . that the state courts have not already considered." (ECF No. 11 at 12-24). Even given the deference afforded to state court determinations under the AEDPA, Respondent's barebones briefing is unhelpful.

which the other does not. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). However, the *Blockburger* rule is inapplicable when multiple convictions arise under the same statute. *See Sanabria v. United States*, 437 U.S. 54, 69-70 (1978) (establishing that when a legislative body defines a statutory offense by prescription of the "allowable unit of prosecution," that prescription then determines the scope of the protection afforded by a prior conviction or acquittal and whether a course of conduct involves one or more distinct "offenses" under the statute); *United States v. Evans*, 854 F.2d 56, 59 (5th Cir. 1988) ("When a single statutory provision is violated, the relevant inquiry is '[w]hat [the legislature] has made the allowable unit of prosecution.'").

Where multiple convictions are imposed pursuant to a single statute, the Court must determine "whether separate and distinct prohibited acts, made punishable by law, have been committed." *United States v. Planck,* 493 F.3d 501, 503 (5th Cir. 2007). To do so, the Court must first "look to the statute charged to ascertain the 'allowable unit of prosecution,' or the *actus reus* of the crime." *United States v. Naidoo*, 995 F.3d 367, 380 (5th Cir. 2021) (citing *United States v. Woerner*, 709 F.3d 527, 538 (5th Cir. 2013)). Legislative intent is paramount on this point, as "the legislature may castigate a particular act by exposing the actor to several prosecutions and punishments, or it may specify that the act should only be subject to a single unit of prosecution." *Id*. The Court must then review "the evidence to see how many distinct criminal acts the defendant committed." *Id.*[6]

---

[6] Importantly, with regard to habeas review of state court convictions, federal courts are bound by state court determinations of state law. *See Swarthout*, 562 U.S. at 219 (repeating that "federal habeas corpus relief does not lie for errors of state law.") (citations omitted). In other words, to the extent a state court has interpreted its own state criminal statutes, this Court may not review the state court's interpretation of its own state law. *Amador v. Quarterman,* 458 F.3d 397, 412 (5th Cir. 2006) (citing *Young v. Dretke,* 356 F.3d 616, 628 (5th Cir. 2004)).

2. <u>Analysis</u>

Petitioner contends that his convictions in Hays County and Comal County for fraudulent use or possession of identifying information violated the Double Jeopardy Clause because the allowable unit of prosecution for this offense is each act of identity theft. Petitioner believes that the same acts—the unlawful possession of Ross's identifying information—were used in both his Hays County and Comal County cases, resulting in his being prosecuted twice for the same offense. He is again mistaken.

The Texas Third Court of Appeals addressed Petitioner's double jeopardy claim at length and applied the tenets of both *Blockburger* and *Sanabria* to interpret its own state law. *Donaldson*, 557 S.W.3d at 42-50. After evaluating the plain language of the relevant statute—Texas Penal Code § 32.51—as well as the prior judicial construction of the statute, the court found that the allowable unit of prosecution for this offense is each separate item of identifying information obtained, not each act of identity theft as argued by Petitioner. *Id*. at 45-47. Other Texas courts have held the same.[7] Because this Court may not second guess the state court's interpretation of its own state criminal law, the Court finds that the allowable unit of prosecution in this case is each separate piece of personal, identifying information of Ross's that Petitioner obtained, possessed, or used.

Having determined the allowable unit of prosecution, the Court must next determine how many distinct criminal acts Petitioner committed. *Naidoo*, 995 F.3d at 380. In Comal County,

---

[7] *See Ex parte Cortez*, 469 S.W.3d 593, 602 (Tex. Crim. App. 2015) (finding the phrase "item of identifying information" found in § 32.51(b)(1) refers to any single piece of personal, identifying information enumerated in § 32.51(a) and not a thing that may contain pieces of identifying information, such as a license, credit card or document); *Mayfield v. State*, 676 S.W.3d 244, 252 (Tex. App.—Fort Worth, Sept. 7, 2023, pet. ref'd) (holding that "the allowable unit of prosecution under § 32.51 is each separate item of identifying information, *regardless of the total number of identities or persons to whom the information belonged.*") (emphasis in original); *see also Ex parte Warfield*, 618 S.W.3d 69, 72 (Tex. Crim. App. 2021) (Yeary, J., concurring) (finding that the court has previously construed the statutory phrase "item of ... identifying information," in § 32.51) (citing *Cortez*, 469 S.W.3d at 593).

Petitioner was accused of obtaining, possessing, or using five or more, but less than ten of the following items belonging to Ross:

1. A Texas Driver's License bearing the government issued identification number [driver's license number], belonging to Patricia Ross,

2. A Chase Debit MasterCard, bearing the financial institution account number ending in 7235, belonging to Patricia Ross,

3. A Wells Fargo Visa Card bearing the financial institution account number ending in 7779, belonging to Patricia Ross,

4. A Capital One MasterCard bearing the financial institution account ending in 1993, belonging to Patricia Ross,

5. A Capital One MasterCard bearing the financial institution account number ending in 4439, belonging to Patricia Ross,

6. An American Express card, bearing the financial institution account number ending in 7070, belonging to Patricia Ross,

7. A Beall's credit card, bearing the financial institution account number ending in 3824, belonging to Patricia Ross,

8. A Best Buy credit card, bearing the financial institution account number ending in 2418, belonging to Patricia Ross, [and]

9. A Wal-Mart credit card, bearing the financial institution account number ending in 2401, belonging to Patricia Ross[.]

(ECF No. 10-30 at 100) (footnote omitted). In all, nine units of prosecution were alleged in the Comal County indictment, including Ross's driver's license number, debit card number, and seven different credit card numbers. *Id*.

In contrast, Petitioner was accused of fraudulently using or possessing only three items of Ross's in Count II of the Hays County indictment, which read:

 On or about the 23rd day of December, A.D. 2013, in Hays County, Texas, the Defendant, Eric Wayne Donaldson, did then and there possess or use or obtain or transfer identifying information, to wit: name and either or [sic] date of birth or other government issued identification [number] or telecommunication access device of another person, to wit: Patricia Ross, John Sevier, Paulita Pina, and Rilla Kitchen, without the consent of and with intent to defraud the above listed individuals[.]

12

*Donaldson*, 557 S.W.3d at 47-48. While Petitioner was alleged to have possessed identifying information from four different individuals, the indictment specified that the following three items were allegedly taken from each individual, including Ross: (1) a "name and either or [sic] date of birth," (2) "other government issued identification number," and (3) a "telecommunication access device." *Id*.

Comparing the two indictments, only one item of identifying information appears in both—a government-issued identification number. But while the Comal County indictment clearly refers to Ross's driver's license number as the government-issued identification number, the Hays County indictment is not nearly as specific. Although the government-issued identification number in the Hays County indictment *could* be referring to Ross's driver's license number, it could also be referring to a number of other ID numbers, such as "a passport number, military identification number, Medicaid identification number, taxpayer identification number, or if Ross is not a U.S. citizen, a permanent residency identification number or naturalization certificate identification number." *Donaldson*, 557 S.W.3d at 49.[8]

Because each item of identifying information constitutes a separate unit of prosecution, the units of prosecution from each indictment are only the same if Ross's driver's license number was the "other government-issued identification number" for which Petitioner was convicted in Hays County. As the state appellate court determined, however, the record simply does not establish that. *Id*. For this reason, the state court concluded that the Hays County and Comal County convictions are not legally or factually the same offense for double jeopardy purposes.

---

[8] The record is similarly unclear as to what precise items of identifying information formed the basis of Petitioner's Hays County conviction. Since Petitioner was accused of possessing or using three different items from four different individuals, there are a number of different combinations that could have resulted in a conviction. The Court cannot neither discern *what* precise items of identifying information nor *whose* items of identifying information formed the basis of the conviction.

13

*Id*. at 49-50.  This reasoning was also adopted by the Texas Court of Criminal Appeals when it denied Petitioner's state habeas corpus application.  (ECF Nos. 10-28, 10-30 at 95).

Petitioner fails to establish that state appellate court's thorough and well-reasoned adjudication was an unreasonable application of clearly established federal law.  Without being able to determine whose or what "other government-issued identification number" Petitioner was convicted of obtaining, possessing, or using in the Hays County count, the Court cannot conclude that violation of the Double Jeopardy Clause occurred.  Relief is therefore denied.

**D.** **Trial Counsel (Claim 4)**

In his last allegation, Petitioner claims he was denied the right to effective assistance of counsel by his trial attorney, Eric Rosen.  While unclear, Petitioner appears to assert that counsel: (1) failed to object to "unauthenticated information" used against him or admit the "original affidavit" to show that less than five of the stolen items were recovered, and (2) failed to file an "ineffective assistance motion" against his attorney in the Hays County case for not including a stipulation in his plea agreement prohibiting any further prosecution.

As discussed below, Petitioner's first allegation was raised and rejected during Petitioner's state habeas proceedings, and Petitioner fails to demonstrate the state habeas court's rejection of the allegation was either contrary to, or an unreasonable application of, Supreme Court precedent.  Petitioner's second allegation is unexhausted and procedurally barred from federal habeas review.

    1.    The *Strickland* Standard

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, Petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was

14

deficient and (2) this deficiency prejudiced his defense.  466 U.S. at 687-88, 690.  According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards.  *Strickland,* 466 U.S. at 687-89.  Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690).  To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Under this prong, the "likelihood of a different result must be substantial, not just conceivable."  *Richter*, 562 U.S. at 112.  A habeas petitioner has the burden of proving both prongs of the *Strickland* test.  *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1).  *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010).  Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d).  *See Woods v. Etherton*, 578 U.S. 113, 117 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009).  In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable."  *Richter*, 562 U.S at 101.

2. Prior Offenses

Petitioner's first IATC claim asserts that his counsel failed to "object or suppress undocumented and unauthenticated information." He also faults counsel for not admitting an "original affidavit" to show that less than five of the stolen items were recovered following his arrest. However, Petitioner does not identify *what* information should have been suppressed or provide any information as to what counsel should have submitted, much less explain how the results of his trial would have been different had the appropriate motions been filed.

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a petitioner is required to plead facts in support of his claims. Conclusory allegations do not state a claim for federal habeas corpus relief and are subject to summary dismissal. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (same).

Here, Petitioner's allegations are conclusory, speculative, and unsupported by any evidence or facts. But "absent evidence in the record," this Court cannot "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross*, 694 F.2d at 1011). For this reason alone, Petitioner's claim could be denied. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)).

Nevertheless, the record demonstrates that Petitioner's IATC allegation is meritless. While unclear, Petitioner appears to contend that counsel should have challenged the admission of his prior theft convictions, which allowed him to be sentenced as a habitual offender.

However, the theft statute explicitly provides that "evidence that the actor has previously participated in recent transactions other than, but similar to, that which the prosecution is based is admissible for the purpose of showing knowledge or intent and the issues of knowledge or intent are raised by the actor's plea of not guilty." *See* Tex. Penal Code § 31.03(c)(1). Thus, it would have been futile for counsel to raise such a challenge, and counsel cannot be found ineffective for failing to file what would have been a frivolous motion. *See Miller v. Thaler*, 714 F.3d 897, 904 n.6 (5th Cir. 2013) (counsel is not required to make futile motions or objections); *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012) ("the failure to lodge futile objections does not qualify as ineffective assistance").

Because Petitioner is unable to establish that counsel's performance was deficient or that he was prejudiced by counsel's alleged error, the state court's denial of Petitioner's IATC allegation was not an unreasonable application of *Strickland*. Relief is therefore denied.

3. <u>Prior Counsel</u>

Lastly, Petitioner vaguely asserts that trial counsel was ineffective for not filing an "ineffective assistance motion" against the previous attorney who represented him on the Hays County charges for which he pled guilty. Specifically, Petitioner contends his previous counsel should have included a stipulation in the plea agreement prohibiting any further prosecution. Petitioner does not explain how his prior counsel's representation in Hays County somehow affected the instant Comal County proceeding, much less demonstrate that such a stipulation, if included in his Hays County plea agreement, would have been enforceable elsewhere. Regardless, Petitioner did not raise this allegation on direct appeal or during his state habeas proceedings. Because it is being presented for the first time in this federal habeas proceeding, Petitioner's allegation is unexhausted and procedurally barred from federal habeas review.

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner. *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals, and a prisoner must present the substance of his claims to that court in either a petition for discretionary review or an application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

As the record demonstrates, Petitioner failed to exhaust his state court remedies with regard to the instant allegation. In addition to being unexhausted, however, Petitioner's claim is also procedurally defaulted. "A procedural default . . . occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citation and internal quotation marks omitted).

Here, should the Court now require Petitioner to return to state court to satisfy the exhaustion requirement, the Texas Court of Criminal Appeals would find the claim procedurally barred under the abuse of the writ doctrine found in Article 11.07 § 4 of the Texas Code of Criminal Procedure. Because Texas would likely bar another habeas corpus application by

18

Petitioner, he has committed a procedural default that is sufficient to bar federal habeas corpus review. *See, e.g., Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (same).

Consequently, Petitioner is precluded from federal habeas review of the instant claim unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004). He does neither. Thus, precedent compels the denial of the claim as procedurally defaulted.

### IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing Section 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial, appellate, and habeas corpus proceedings. The Court also concludes that Petitioner's second IATC allegation is unexhausted and procedurally barred from federal habeas corpus review.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Eric Wayne Donaldson's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

**SIGNED this the 28th day of May, 2024.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**